IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIQUISHA S. GRIER,<br>    Plaintiff | )<br>)<br>) |
| v. | ) 2: 14 -cv- 247<br>) |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | )<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the plaintiff's Motion for Summary Judgment (ECF No.8) be denied; that the defendant's Motion for Summary Judgment (ECF No.10) be granted, and that the decision of the Commissioner of Social Security be affirmed.

II.   Report

Presently before the Court for disposition are cross motions for summary judgment.

On March 3, 2014, Tiquisha S. Grier, by her counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on March 7, 2011 (R.147-150, 156-161). Benefits were denied on May 24, 2011 (R.80-89). On June 2, 2011, the plaintiff requested a hearing (R.90-91), and pursuant to that request a hearing

was conducted on July 3, 2012, (R.37-62). In a decision filed on August 29, 2012, an Administrative Law Judge denied benefits (R.20-32). Upon reconsideration, and in a decision dated January 2, 2014, the Appeals Council affirmed the prior decision (R.1-7). The instant complaint was filed on March 3, 2014.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act..

It is provided in 42 U.S.C. Section 405(g) that:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Commissioner. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

Presently before the Court for resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

At the hearing held on July 3, 2012 (R.37-62), the plaintiff appeared with counsel (R.39) and testified that she was born on November 3, 1981 (R.41); that she graduated from high school and earned an associate's degree in business administration as well as a paralegal office administrator certificate (R.42); she has three children and is assisted by her mother and sister

(R.42,50); that she worked as a doctor's medical assistant, telemarketer, deli worker and office cleaner (R.43,52,54) and that she receives food stamps and social security disability benefits for her children (R.53).

The plaintiff also testified that she has a fractured right foot that was healing and caused considerable pain (R.44); that she wears a walking boot (R.45); that she has lower back problems (R.45); that she is receiving psychological therapy and taking medication (R.46-50); that she experiences difficulty being around people (R.52); that she has to lay down during the day (R.51) and that she hears voices (R.56).

At the hearing a vocational expert was called upon to testify (R.58-61). She classified the plaintiff's prior work as unskilled to skilled in nature at the sedentary to light exertional levels (R.58-59). When asked to assume an individual of the plaintiff's education and work history with no exertional limitations, the witness responded that there were a large number of jobs which she could perform (R.58-59), however, if the individual had to be off task frequently, she responded that such an individual could not be employed (R.60-61).

The issue before the Court is whether or not the decision of the Commissioner is supported by substantial evidence.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

> Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated at the Bloomfield Garfield Health Center between January 29, 2010 and March 2, 2011 for depression and contraception. Her mental status improved on Prozac (R.222-228).

The plaintiff was treated at Mercy Behavioral Health between January 14, 2011 and March 10, 2011 for a mood disorder and migraines. It was observed that she was unable to work due to mood swings and irritability (R.229-265).

The plaintiff was treated at UPMC Shadyside Family Health Center between August 10, 2007 and March 18, 2011 for pre-natal needs, migraines, birth control and depression, as well as various ailments (R.266-361).

The plaintiff was treated at Children's Hospital on August 29, 2011 for an upper respiratory condition and acute pharyngitis (R.366-368).

The plaintiff was treated at Shadyside Hospital on January 1, 2012 for what was originally diagnosed as a sprained ankle (R.416-456, 490-492).

The plaintiff was treated between January 1, 2012 and January 17, 2012 for a right foot fracture. Her foot was immobilized (R.457-466).

On February 28, 2012 Dr. Mitchell H. Rothenberg observed that her fracture was not healing (R.479-482).

The plaintiff was treated by Dr. Lisa Blachrick between January 13, 2012 and April 26, 2012 for her foot fracture which was reported to be healing (R.483-487, 493-496).

The plaintiff was treated by Dr. Wendy Palastro on October 26, 2012 for right wrist and arm pain. Carpal tunnel syndrome was diagnosed (R.510-519).

The plaintiff was treated at the Mercy Behavioral Health Clinic between April 7, 2011 and September 6, 2012 for depression and a panic disorder. Outpatient therapy and medication were prescribed (R.369-415, 467-478, 488-489, 497-509).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to

establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.
>
> The claimant has not engaged in substantial gainful activity since April 13, 2006, the alleged onset date…
>
> The claimant has the following severe impairments: anxiety and depressive disorders…
>
> A history of migraine headaches is established by the record; however, the claimant mentioned it at the hearing only in passing and in response to questioning by counsel and there is no evidence of treatment other than brief mention of it in treatment notes…
>
> Metatarsal fracture of the foot occurred in January 2012; however … the record shows that the injury is healing, albeit slowly, with every indication that the impairment will not last for the requisite twelve months required for a "severe" impairment…

7

The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments…

The record establishes a mental impairment which satisfies diagnostic listing criteria for depressive and anxiety disorders which result in moderate functional limitations impacting activities of daily living and social functioning; moderate deficiencies of concentration, persistence, and pace, and have produced no episodes of decompensation, each of extended duration. The record does not establish mental impairment which satisfies diagnostic listing criteria for affective disorder of at least two years' duration which has caused more than minimal limitation of ability to do any basic work activity with symptoms or signs currently attenuated by medication or psychosocial support, and repeated episodes of decompensation each of extended duration; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, or a current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continue need for such an arrangement. The record does not establish mental impairment which satisfies diagnostic listing criteria for anxiety disorder and which have resulted in complete inability to function independently outside the area of one's home. Thus, it is concluded that mental impairment does not rise to listing-level severity inasmuch as it does not result in functional limitations which satisfy … the …listings…

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range or work at all exertional levels but with the following non-exertional limitations: she requires a low-stress, stable work environment; no more than simple, routine, repetitive tasks; and no more than minimal contact with the public…

The medical record reveals that the claimant has had treatment on a sporadic basis for both mental and physical impairments; however, the record indicates little more than physical impairments which have generally responded to appropriate treatment and mental impairment which appears to have resulted in no more than moderate limitations in any area of functioning…

Considering the totality of the … documentary evidence and related testimony, it fully appears that, in the instant case, objective signs and clinical findings indicate a higher level of functioning that that alleged by claimant at the hearing. The claimant alleges that all significant gainful activity is precluded because of impairments. Although the claimant may suffer from some limitations due to a combination of mental and physical impairments, the claimant's testimony is not credible to the extent that it is construed to mean that her limitations are so severe that she cannot engage in any work activity. This is inconsistent with the objective

medical evidence, treatment regimen and the evaluation of various examining and treating medical sources…

From a psychological perspective, there is no evidence of impairment which would preclude all work activity since mental functioning is generally within normal limits despite some symptoms of depression and anxiety. Viewing the totality of circumstances, little in the documentary evidence suggests that the severity, frequency, and duration of physical discomfort or emotional dysfunction are as persistent, intrusive, or progressive as claimant has alleged. It fully appears that the State Agency medical consultant determinations that clinical findings fail to support debilitating functional limitations are substantiated by the record as a whole, inasmuch as treatment modalities tend to decrease pain symptomology and psychological impairment does not produce functional limitations at a debilitating level.

In sum, the above residual functional capacity assessment is supported by the totality of the evidence which reflects rather episodic treatment for physical impairments which have generally resolved with appropriate treatment. Regarding the issue of mental impairment, although the claimant has sought and received specialized treatment for symptoms consistent with anxiety and depressive disorders, she appears to be functioning within normal limits, displaying appropriate cognition and no psychotic symptoms, with overall GAF scores indicative of no more than mild to moderate difficulties in any area of mental functioning. The undersigned has given great weight to the opinion of the State Agency Medical Consultant who reviewed the file at a lower level of adjudication but, resolving all doubts in the claimant's favor, additional restrictions to accommodate perceived difficulties interacting with others have been placed. There are no opinions from any treating or examining source which would conflict with these findings and the residual functional capacity assigned above is uncontroverted by any medical source statement contained in the record…

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform…

The claimant has not been under a disability, as defined in the Social Security Act… (R.25-32).

The record demonstrates that the plaintiff suffered a metatarsal fracture in January 2012. Although healing slowly, with the passage of time improvement was noted. This is the extent of her physical disability. In addition, she suffers from depression and anxiety which appears to be successfully treated with medication and therapy. Other than a statement made in early 2011,

indicating that the plaintiff was unable to work due to mood swings and irritability, there is no other evidence in the record supporting a conclusion that she is disabled due to mental problems. In addition, the Commissioner who is charged with credibility determinations, <u>Diaz v. Commissioner</u>, 577 F.3d 500, 506 (3d Cir. 2009), concluded that the plaintiff was exaggerating her symptoms and her claims could not be supported by the record. For these reasons, there is substantial evidence in the record to support the conclusion of the Commissioner that with appropriate adjustments the plaintiff is capable of engaging in substantial gainful employment.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>Lichtenstein v. UPMC</u>, 691 F.3d 294, 300 (3d Cir.2012). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the plaintiff's motion for summary judgment be denied; that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within fourteen (14) days after being served with a copy , any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                          Respectfully submitted,

Filed: September 2, 2014                             s/Robert C. Mitchell,
                                                             United States Magistrate Judge