IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIQUISHA S. GRIER,<br>     Plaintiff,<br>  vs.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br>     Defendant. | Civil Action No. 14-247 |

## **MEMORANDUM ORDER**

On March 3, 2014, plaintiff Tiquisha S. Grier filed a complaint against the Commissioner of Social Security seeking judicial review of the denial of her application for Social Security Disability benefits and Supplemental Security Income benefits for a lack of disability. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rules 72(C)(2) of the Local Rules for Magistrate Judges.

On September 2, 2014, the magistrate judge filed a Report and Recommendation, recommending that plaintiff's motion for summary judgment [ECF No. 8] be denied and the Defendant, the Commissioner of Social Security's motion for summary judgment [ECF No. 10] be granted. *See* Rep. and Rec. [ECF No. 15].

Service of the Report and Recommendation was made on the parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rule of Court 72.D.2, they had fourteen (14) days to file any objections. On September 18, 2014, plaintiff timely filed objections. [ECF No. 16]. On September 24, 2014, defendant filed a timely response to plaintiff's objections. [ECF No. 17].

Specifically, plaintiff objects on the grounds that the magistrate judge failed to address the ALJ's failure to "properly evaluate Plaintiff's impairment of migraine headaches[,]" and "improperly ignored multiple GAF scores[1] which were indicative of serious symptoms of Plaintiff's severe impairments." Pl.'s Obj. [ECF No. 16] at 10. As to her migraines, plaintiff argues that the ALJ's "determination of the severity of Plaintiff's migraine headaches was not supported by substantial medical evidence" and the ALJ "should have ordered a consultative physical examination to provide him with the evidence necessary to properly determine if this impairment was disabling." *Id*. at 14, 17. As for the GAF scores, plaintiff argues that the ALJ "cherry-picked" evidence by relying only on evidence that plaintiff "generally" has GAF scores of the high 50s to low 60s, and did not refer to Plaintiff's scores of 50 or below or that after October 2011 Plaintiff's GAF scores did not reach between Plaintiff's average range of 55-66. *Id.* at 20.

Relative to the standard of review in reviewing an administrative determination of the Commissioner, as discussed by the magistrate judge, "the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act." Rep. and Rec. [ECF No. 15] at 2.

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.

---

[1] The GAF (Global Assessment of Functioning) scale, devised by the American Psychiatric Association, ranges from zero to one hundred and was previously used by clinicians to indicate an overall judgment of a person's psychological, social and occupational functioning. Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 34 (4th ed. 2000). A GAF score of 61-70 indicates that the individual has "some mild symptoms" while a GAF score of 51-60 indicates that the individual has "moderate symptoms" and a GAF score of 41-50 indicates that the individual has "serious symptoms." *Id*.

2

42 U.S.C. § 405(g).

The term disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A)

In determining whether a claimant is disabled, the Commissioner applies a "five-step sequential evaluation." 20 C.F.R. § 404.1520(a)(1). The process is set forth as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v). A claimant bears the burden of providing satisfactory evidence to show she is entitled to disability benefits. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a).

In the instant case, the ALJ determined that plaintiff's subjective complaints of migraine headaches did not meet the severity requirement under step two of the sequential evaluation process. A "severe impairment" is one "which significantly limits your physical or mental ability to do basic work activities" including the ability to perform physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling. 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921.

While the record illustrates that plaintiff has a history of migraine headaches, plaintiff has failed to establish that they were severe or imposed any significant limitations on her ability to engage in basic work-related activities. For example, she went to school and obtained an Associate's Degree in Business Administration [Tr. 42], completed a two-year college program in December 2009, and an employee readiness program in March 2010 [Tr. 183-84], was involved in an internship/externship program [Tr. 294, 317], attended modeling school and worked as a model [Tr. 324, 331], worked as a paralegal, a paralegal office administrator and conducted legal research [Tr. 273, 401], took care of her two children while pregnant [Tr. 331], stated that she had no difficulty getting places she needed to go, drove, went out of the house to take care of household business, took her son to school five days a week, and shopped in stores, by phone or by computer for food, cleaning supplies and clothes, [Tr. 196, 198], she cited no problems with self-care [Tr. 196], watched television and read on an almost daily basis [Tr. 199], and spent most of her time looking for employment [Tr. 259]. In addition to these facts, the ALJ noted that plaintiff provided no evidence of treatment for migraine headaches, "mentioned it at the hearing only in passing and in response to questioning by counsel" and that "there is no evidence of treatment other than brief mention of it in treatment notes with her primary care physician.[2] There has been no referral to a specialist, no mention of testing recommended or

---

[2] While being cared for by medical professionals during her period of disability, in June

4

performed, and no medication associated with a diagnosis of migraines." [Tr. 26]. Based upon these facts, it was proper for the ALJ to find and subsequently the magistrate judge to affirm, that plaintiff's migraine headaches imposed no significant limitation upon her ability to engage in basic work-related activities and her migraine headaches are considered a non-severe impairment.

To the extent that plaintiff argues that the ALJ should have ordered a consultative physical examination to provide him with the evidence necessary to base his decision, this argument is likewise rejected. "The ALJ's only duty in this respect is to ensure that the claimant's complete medical history is developed on the record before finding that the claimant is not disabled." *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004). It is only where "the evidence before the Commissioner is insufficient does the ALJ have the duty to attempt to obtain additional evidence to determine whether a claimant is disabled." *Id*. Here, the nature of treatment for her migraines is well-documented throughout the record in addition to the numerous and extensive activities that she performed during her period of disability.

---

2007, October 2007 and November 2007 plaintiff denied headaches [Tr. 314, 317, 334], in December 2007, plaintiff stated that she had occasional headaches but "none now," [Tr. 303], when she complained of a headache later that day, she had not eaten anything and had not been taking her prenatal vitamins or iron as prescribed [Tr. 301], two days before her delivery she complained of a headache [Tr. 295], but specifically denied headaches following her delivery in January 2008 [Tr. 284] and did not complain of headaches at the time of her six-week postpartum visit [Tr. 284]. In late January 2008, she complained of occasional headaches [Tr. 227, 271-82], but two days later informed a registered nurse that her primary care physician treated her for migraines 1-2 times per month. [Tr. 232]. In late March 2011, plaintiff complained of migraines to which her doctor recommended using Aleve, Gatorade and Benadryl to break the migraine, but did not send her to the hospital, recommend testing or refer her to a specialist for migraine treatment. [Tr. 26, 267]. In September 2011, plaintiff indicated to another doctor that she had frequent migraines, but in January 2012, denied headaches and claimed that she was disabled due to mental illness, not physical illness. [Tr. 400, 460, 486]. In late January 2012, plaintiff reported she had some headaches after starting Effexor, which the doctor attributed to intermittently stopping her medication. [Tr. 475]. In June 2012, plaintiff informed a nurse that she had headaches every other day, but no other information directly supports plaintiff's statement. [Tr. 497].

Accordingly, the ALJ was under no duty to further develop the record and plaintiff's objection is rejected.

Additionally, plaintiff's argument that the ALJ improperly ignored multiple GAF scores which were indicative of serious symptoms of Plaintiff's severe impairments is rejected. Primarily, a GAF score alone is not dispositive of whether a claimant is mentally disabled. *Gilroy v. Astrue*, 351 F. App'x 714, 716 (3d. Cir. 2009) (GAF scores do "not have a direct correlation to the severity requirements of the Social Security mental disorder listings"); *Hillman v. Barnhart*, 48 F. App'x 26, 29-30 (3d Cir. 2002) (a GAF score of 35 after claimant was admitted to alcohol detoxification facility which subsequently rose to 50 supported ALJ's conclusion that claimant's disability stemmed from alcohol and not mental impairment).

The ALJ noted that plaintiff's GAF scores has ranged from the high 50s to low 60s. [Tr. at 29]. Additionally, the ALJ determined:

> From a psychological perceptive, there is no evidence of impairment which would preclude all work activity since mental functioning is generally within normal limits despite some symptoms of depression and anxiety. Viewing the totality of the circumstances, little in the documentary evidence suggests that the severity, frequency, and duration of physical discomfort or emotions dysfunction are as persistent, intrusive, or progressive as claimant has alleged. It fully appears that the State Agency medical consultant determinations that clinical findings fail to support debilitating functional limitations are substantiated by the record as a whole, inasmuch as treatment modalities tend to decrease pain symptomatology and psychological impairment does not produce functional limitations at a debilitating level. . . . Regarding the issue of mental impairment, although the claimant has sought and received specialized treatment for symptoms consistent with anxiety and depressive disorders, she appears to be functioning within normal limits, displaying appropriate cognition and no psychotic symptoms, with overall GAF scores indicative of no more than mild to moderate difficulties in any area of mental functioning.

[Tr. at 30]. The ALJ was warranted in his finding. The record is undisputed that plaintiff's low GAF scores were assessed by unacceptable medical sources, specifically a registered nurse and a

non-medical therapist. [Tr. 245, 259, 262-64, 372, 374,]. Under the regulations, medical reports must be submitted by acceptable medical sources which include licensed physicians and licensed or certified psychologists. 40 C.F.R. § 404.1513(a)(1)-(2). The only acceptable medical source, a psychiatrist, assigned a GAF score of 55 in September 2011. Additionally, irrespective of plaintiff's GAF scores, the ALJ was warranted in finding that plaintiff's difficulties in any area of mental functioning were no more than mild to moderate based upon evidence of the State Agency medical consultant determinations. The record is replete with evidence showing that plaintiff performed numerous activities, outlined above, and generally functioned in a manner that is inconsistent with a finding that she was disabled.

Therefore, after a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the pleadings thereto, the following Order is entered:

AND NOW, this 9th day of October, 2014,

IT IS HEREBY ORDERED that Plaintiff's Objections are OVERRULED; and

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [ECF No. 9] is DENIED and that Defendant's motion for summary judgment [ECF No. 12] is GRANTED and the decision of the Commissioner is AFFIRMED.

Magistrate Judge Mitchell's Report and Recommendation [ECF No. 15] dated September 2, 2014 is adopted as the Opinion of the Court.

*s/ Nora Barry Fischer*
The Honorable Nora Barry Fischer
United States District Judge

cc: Magistrate Judge Robert C. Mitchell
United States District Court
Western District of Pennsylvania

all counsel of record *via CM/ECF electronic filing*